OPINION
{¶ 1} Defendant-appellant William Knapp appeals the August 31, 2004 Judgment Entry of the Muskingum County Court denying his motion to dismiss for lack of a speedy trial. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On February 7, 2004, appellant was cited for operating a motor vehicle while intoxicated, driving under suspension, and failure to control following a one vehicle accident. The traffic citation summoned appellant to personally appear in the Muskingum County Court on or about February 9, 2004.
 {¶ 3} On February 9, 2004, appellant appeared in court and was informed by the Clerk no formal charges had been filed against him, he should return the next day and he was free to go.
 {¶ 4} On February 10, 2004, appellant again appeared in court, and was told no charges had been filed.
 {¶ 5} For three successive days thereafter appellant called the court, and was informed no formal charges were filed and he need not appear.
 {¶ 6} After investigating appellant's prior offenses in various jurisdictions in southeastern Ohio, Trooper Scanlon of the Ohio State Highway Patrol, the investigating officer, reissued a citation to appellant, charging appellant with misdemeanor operating a motor vehicle while intoxicated, driving under suspension, and failure to control. The citation was served on July 11, 2004, and summoned appellant to appear on July 15, 2004.
 {¶ 7} On July 15, 2004, appellant entered pleas of not guilty to all the charges.
 {¶ 8} On August 11, 2004, appellant filed a motion to dismiss for lack of a speedy trial. The state responded on August 27, 2004. Via Judgment Entry filed August 31, 2004, the trial court denied appellant's motion to dismiss.
 {¶ 9} On September 16, 2004, appellant filed a waiver of speedy trial and a motion for continuance.
 {¶ 10} On October 29, 2004, appellant filed a motion for reconsideration of the August 31, 2004 Judgment Entry. The trial court denied the motion for reconsideration on November 30, 2004, following a hearing on the same. On December 28, 2004, the trial court rendered findings of fact and conclusions of law as to the motion to dismiss.
 {¶ 11} On December 29, 2004, appellant entered pleas of no contest to the charges against him; thereafter, the trial court found appellant guilty of each charge.
 {¶ 12} Appellant now appeals the August 31, 2004 Judgment Entry of the Muskingum County Court denying his motion to dismiss, assigning as error:
 {¶ 13} "I. THE TRIAL COURT ERRED AND DEPRIVED APPELLANT OF HIS RIGHT TO A SPEEDY TRIAL BY DENYING HIS MOTION TO DISMISS WHEN HE HAD NOT BEEN BROUGHT TO TRIAL WITHIN THE TIME PROVIDED BY R.C.2945.71(B). (JOURNAL ENTRY, 8-31-04; JOURNAL ENTRY, 11-30-04)."
 I {¶ 14} Appellant's sole assignment of error asserts the trial court erred in denying his motion to dismiss when he had not been brought to trial within the time limitations prescribed in R.C.2945.71(B). The statute provides:
 {¶ 15} "(B) Subject to division (D) of this section, a person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial as follows:
 {¶ 16} "(1) Within forty-five days after the person's arrest or the service of summons, if the offense charged is a misdemeanor of the third or fourth degree, or other misdemeanor for which the maximum penalty is imprisonment for not more than sixty days;
 {¶ 17} "(2) Within ninety days after the person's arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days." R.C. §2945.71
 {¶ 18} "Ohio Traffic Rule 3 provides:
 {¶ 19} "(A) Traffic complaint and summons.
 {¶ 20} * * *
 {¶ 21} "(E) Duty of law enforcement officer. A law enforcement officer who issues a ticket shall complete and sign the ticket, serve a copy of the completed ticket upon defendant, and, without unnecessary delay, file the court copy with the court."
 {¶ 22} The State maintains Trooper Scanlon specifically and intentionally withheld filing an action against appellant in order to determine whether appellant had any prior offenses which would enhance his citation. The State asserts the February 7, 2004 citation is not dispositive of the speedy trial issues; rather, because there were no charges pending in any court, the time computation pursuant to R.C. 2945.71 did not begin to run until the formal charges were filed. The State argues it is the initiation of a formal action which determines when time begins to run under the statute.
 {¶ 23} The State cites a number of cases in which courts found the speedy trial time had not commenced because no action had been filed or commenced in any court. However, in this case, appellant was issued a citation on February 7, 2004 requiring him to appear before the court on February 9, 2004. Trooper Scanlon reissued the citation on July 11, 2004, which summoned appellant to appear on or about July 16, 2004. Thus, we distinguish this case from the cases relied upon by the State, as the cases cited do not pertain to factual scenarios in which a citation(s) were issued.
 {¶ 24} As noted, in the case sub judice, appellant was issued a citation summoning him to appear before the court. Pursuant to the clear language of R.C. 2945.71, we find the time period for speedy trial purposes commenced on the date of service of the initial summons. Clearly, the citation summoned appellant to appear in court on February 9, 2004, despite the absence of formal charges being filed by the investigating officer. By operation of the statute, the case against appellant was required to come on for trial by May 7, 2004. The state bears the burden of demonstrating the extension or tolling of the time for trial within the statutory limit. Here, the State did not offer evidence with regard to a permissible extension or tolling of the time period. Therefore, we conclude prosecution of appellant after said date violated his speedy trial rights.
 {¶ 25} The August 31, 2004 Judgment Entry of the Muskingum County Court is reversed and the charges against appellant order dismissed.
Hoffman, P.J. Edwards, J. concurs.
Wise, J. concurs separately.